MAKOWSKI v TOWLES

Docket No. 130462. Submitted May 21, 1992, at Detroit. Decided July 20, 1992, at 9:20 A.M.

Irene Makowski brought an action in the Oakland Circuit Court against Chester E. Towles. When the plaintiff's counsel failed to appear for a pretrial conference, the court, Hilda R. Gage, J., dismissed the plaintiff's complaint. The plaintiff, rather than taking any action with regard to the dismissal, filed a second action, which also was dismissed when counsel again failed to appear for a pretrial conference. A third action was then commenced, which the court dismissed with prejudice on the defendant's motion. The court denied the plaintiff's subsequent motion to set aside the order of dismissal of the first action. The plaintiff appealed.

The Court of Appeals *held:*

The dismissal with prejudice of the third action constituted an adjudication of the merits of the claims raised in the first action. Accordingly, the final judgment in the third action, through the application of the doctrine of res judicata, precludes relitigation between these parties of those claims. The trial court correctly denied the motion to set aside the order of dismissal in the original action.

Affirmed.

*Pianin, Paull, Sugar & Brandow* (by *Michael Pianin* and *Sheryl R. Lederman*), for the plaintiff.

*Draugelis & Ashton* (by *Taras P. Jarema*), for the defendant.

Before: MICHAEL J. KELLY, P.J., and MACKENZIE and BRENNAN, JJ.

BRENNAN, J. Plaintiff appeals as of right from an August 1, 1989, order of dismissal and a June 20, 1990, order denying plaintiff's motion to set aside the order of dismissal. We affirm.

Plaintiff's suit against defendant was dismissed after her counsel failed to appear for a pretrial confer-

ence. Instead of taking any action with regard to the order of dismissal, plaintiff's counsel filed a second lawsuit. Plaintiff's counsel again failed to appear at the scheduled pretrial conference, and an order of dismissal was entered. Rather than dealing with that order of dismissal, plaintiff's counsel filed a third lawsuit, which was dismissed with prejudice by the trial court upon defendant's motion. Plaintiff's counsel then moved to have the original order of dismissal set aside. The motion was denied. It is from the order denying plaintiff's motion to set aside the order of dismissal that plaintiff appeals.

On appeal, plaintiff contends that the trial court abused its discretion in denying her motion to set aside the order of dismissal.[1] However, even if we were to find an abuse of discretion, plaintiff's claim would still be barred by res judicata by plaintiff's third complaint, which was dismissed with prejudice upon defendant's motion. The doctrine of res judicata bars relitigation of a claim where the same parties have fully litigated the claim and a final judgment has resulted. *Ward v Detroit Automobile Inter-Ins Exchange,* 115 Mich App 30, 37; 320 NW2d 280 (1982). In order for the doctrine to apply, the former action must have been decided on the merits, the same matter contested in the second action must have been decided in the first, and the actions must be between the same two parties or their privies. *Id.*

It is clear that the actions in the present case involved the same matters and the same parties. The only question is whether the actions were adjudicated on the merits. We find that plaintiff's third complaint was adjudicated on the merits. In *Carter v Southeastern Michigan Transportation Authority,* 135 Mich App 261, 264-265; 351 NW2d 920 (1984), a federal court dismissed plaintiff James Carter's case because of his failure to obey the orders of the court to

[1] In a supplemental brief plaintiff has cited an unpublished opinion of this Court released April 5, 1991. Plaintiff claims we are bound by that opinion under Administrative Order 1990-6. Plaintiff is clearly wrong. Only published opinions are contemplated.

attend the final pretrial conference[2] and for lack of progress. James Carter and his wife then brought an action based on the same matter in the circuit court against the same party. The circuit court granted accelerated judgment for the defendant, finding that the plaintiffs' claim was barred by res judicata by the federal action. This Court affirmed, stating:

> [I]n Michigan practice, an involuntary dismissal due to plaintiff's failure to comply with the court rules or any order of the court will operate as an adjudication on the merits unless the order of dismissal provides otherwise. GCR 1963, 504.2.[3] While a ministerial "no-progress" dismissal might not constitute an adjudication on the merits, a dismissal on motion of the defendant and by order of the court, after judicial consideration, would most likely be considered an adjudication on the merits. [*Id.* at 265.]

See also *Wilson v Knight-Ridder Newspapers, Inc,* 190 Mich App 277, 279; 475 NW2d 388 (1991). In the present case, the third time plaintiff's case was dismissed was upon defendant's motion and after consideration by the court. Accordingly, we find that plaintiff's case was barred by res judicata.

Affirmed.

---

[2] The plaintiff was appearing in propria persona.

[3] Now MCR 2.504(B)(3), which provides:

Unless the court otherwise specifies in its order for dismissal, a dismissal under this subrule or a dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for failure to join a party under MCR 2.205, operates as an adjudication on the merits.