## AVERY v DEMETROPOULOS

Docket No. 159578. Submitted November 15, 1994, at Detroit. Decided
December 7, 1994; approved for publication March 22, 1995, at
9:20 A.M.

Lyman B. Avery brought an action in the Wayne Circuit Court
against Kyriakos C. Demetropoulos, alleging, in part, assault
and battery and trespass as a result of the defendant's project-
ing harmful radiation into the plaintiff's apartment. The trial
court granted summary disposition for the defendant, finding
the action barred by the applicable statute of limitations. The
Court of Appeals, FITZGERALD, P.J., and HOOD and J. C. KINGS-
LEY, JJ., affirmed in an unpublished opinion per curiam, de-
cided July 29, 1992 (Docket No. 129680). After the appeal, the
trial court, Susan Bieke Neilson, J., awarded costs and attorney
fees to the defendant on the basis that the plaintiff had filed a
frivolous claim. The plaintiff appealed from that order.

The Court of Appeals *held:*

1. The trial court had jurisdiction to consider the defendant's
motion for taxation of costs and attorney fees after the prior
appeal was decided. The trial court was not deprived of jurisdic-
tion to consider the defendant's motion because of the Court of
Appeals silence in its prior opinion regarding the question of
remand.

2. MCR 2.504(B)(3) does not require a trial court to address
the issue of costs in a final order disposing of the claims in a
case. An order to allow attorney fees after entry of an order
disposing of the meritorious questions in the case is one of the
specific circumstances where separate final orders are recog-
nized.

3. Because the issue of costs was decided pursuant to MCL
600.2591; MSA 27A.2591 and required a judicial determination,
MCR 2.625(F) did not apply in this case. The appropriate
standard to apply to the statute is whether the motion for costs

REFERENCES

Am Jur 2d, Motions, Rules, and Orders §§ 8, 29.
Construction and application of state statute or rule subjecting
party making untrue allegations or denials to payment of costs or
attorneys' fees. 68 ALR3d 209.

was filed within a reasonable time after the prevailing party was determined. The plaintiff did not show any prejudicial defects that precluded the trial court from granting the defendant's motion.

4. The trial court did not clearly err in finding that the plaintiff's claim was frivolous within the meaning of MCL 600.2591(3); MSA 27A.2591(3).

Affirmed.

1. MOTIONS AND ORDERS — COSTS — FRIVOLOUS ACTIONS.

The appropriate standard applicable to the determination of the timeliness of a motion for costs based on an alleged frivolous action is whether the motion was filed within a reasonable time after the prevailing party was determined (MCL 600.2591; MSA 27A.2591).

2. MOTIONS AND ORDERS — FINAL ORDERS — COSTS — ATTORNEY FEES.

MCR 2.504(B)(3) does not require that a trial court address the issue of costs in a final order disposing of the claims in a case; an order to allow attorney fees after entry of an order disposing of the claims in the case is a specific circumstance where separate final orders are recognized.

Lyman B. Avery, in propria persona.

*Romain, Donofrio, Kuck & Egerer, P.C.* (by *Pat M. Donofrio*), for the defendant.

Before: HOOD, P.J., and JANSEN and A. T. DAVIS, JR.,* JJ.

PER CURIAM. This is plaintiff's second appeal in this case. In the prior appeal, this Court affirmed a final order of summary disposition based on the statute of limitations. *Avery v Demetropoulos,* unpublished opinion per curiam of the Court of Appeals, decided July 29, 1992 (Docket No. 129680). After the appeal, the trial court awarded costs and attorney fees of $5,588.04 to defendant because plaintiff filed a frivolous claim within the meaning of MCL 600.2591(3); MSA 27A.2591(3).

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff appeals as of right from that decision. We affirm.

Preliminarily, we reject defendant's argument that this appeal should be dismissed. MCR 7.212(A)(4) and (I). We note that we could simply strike plaintiff's brief for failure to comply with MCR 7.212(C), especially the failure to include a statement of questions involved. MCR 7.212(C)(4). However, in the interests of judicial economy we have reviewed the matter, limiting our review to the specific questions gleaned from or presented by plaintiff's arguments.

The trial court had jurisdiction to consider defendant's motion for taxation of costs and attorney fees after the prior appeal was decided by this Court. Cf. *Wilson v General Motors Corp,* 183 Mich App 21, 41; 454 NW2d 405 (1990); *Vallance v Brewbaker,* 161 Mich App 642, 648; 411 NW2d 808 (1987). That this Court's prior opinion was silent regarding the question of remand did not deprive the trial court of jurisdiction to consider defendant's motion.

Next, MCR 2.504(B)(3) does not require that a trial court address the issue of costs in a final order disposing of the claims in a case. The purpose of MCR 2.504(B)(3) is to classify those dismissals entered by a court that are silent regarding their effect. See 3 Martin, Dean & Webster, Michigan Court Rules Practice, Rule 2.504, Authors' Comment, p 59. This rule has been used to bar lawsuits involving the same matters and parties as those in prior lawsuits under principles of res judicata. *Makowski v Towles,* 195 Mich App 106; 489 NW2d 133 (1992). However, the court rule is not intended to dispose of the issue of costs related to a claim.

The flaw in plaintiff's argument is his failure to

recognize that there can be more than one final judgment or order in an action. An order to allow attorney fees after entry of an order disposing of the meritorious question is one of the specific circumstances where separate final orders are recognized. *Gherardini v Ford Motor Co,* 394 Mich 430; 231 NW2d 643 (1975). Viewed in this context, MCR 2.504(B)(3) did not require that the trial court decide in the order of summary disposition whether costs should be awarded.

Further, plaintiff's reliance on MCR 2.625(F) to support his claim that defendant waived the issue of costs is misplaced. Because the issue of costs was decided under MCL 600.2591; MSA 27A.2591 and required a judicial determination, MCR 2.625(F) did not apply. The appropriate standard to apply to the statute is whether the motion for costs was filed within a reasonable time after the prevailing party was determined. See *Giannetti Bros Construction Co, Inc v Pontiac,* 152 Mich App 648; 394 NW2d 59 (1986) (discussing a similar issue with regard to mediation costs). Plaintiff has not shown any procedural defects that precluded the trial court from granting defendant's motion for taxation of costs and attorney fees.

Finally, the trial court did not clearly err in finding that plaintiff's claim was frivolous within the meaning of MCL 600.2591(3); MSA 27A.2591(3). *DeWald v Isola,* 180 Mich App 129; 446 NW2d 620 (1989). See also *Louya v William Beaumont Hosp,* 190 Mich App 151; 475 NW2d 434 (1991).

Affirmed.