# STATE OF MICHIGAN

# COURT OF APPEALS

HAWTHORNE RIDGE HOMEOWNERS
ASSOCIATION,

      Plaintiff-Appellee,

v

YAN WANG and HONGYAN CHEN,

      Defendants-Appellants.

UNPUBLISHED
December 26, 2017

No. 336077
Washtenaw Circuit Court
LC No. 15-001172-CH

Before: MURPHY, P.J., and M. J. KELLY and SWARTZLE, JJ.

PER CURIAM.

Defendants, Yan Wang and Hongyan Chen (Wang and Chen), appeal by right the trial court's order granting summary disposition in favor of plaintiff, Hawthorne Ridge Homeowners Association (the Association). Because there are no errors warranting relief, we affirm.

## I. BASIC FACTS

This case arises from a dispute about the exterior paint color of Wang and Chen's home. In June 2015, Wang and Chen hired a painter to repaint the exterior of their home. After checking the Association's Bylaws and conducting some internet research, they determined that a light blue paint qualified as a "light earth tone" so as to be an acceptable exterior paint color.[1] They did not, however, submit an application to change the exterior paint to the Association.

---

[1] Wang and Chen provided the following definition of "earth tone" to the trial court:

> Earthtone colors come from natural things around us: brown soil, green leaf, cloudy sky, as well as the red sun. These palettes can create a warm, nature-friendly atmosphere.
>
> Meanings: Warm, safe, protective, sturdy, durable, rough
>
> Implications: Earthy, environmental, welcoming, bold
>
> Associations: Soil, forest, wood, countryside[.]

It is undisputed that the Association's Bylaws require a homeowner to submit an application and receive approval before changing the exterior paint color of his or her home. The Association sent an e-mail to Wang and Chen informing them that the paint color was not acceptable and explaining that they were required to have any changes to the exterior paint color pre-approved by the Association. Wang and Chen thereafter submitted an application to change the exterior paint color, but the request was denied. Although they protested the denial and brought evidence of other homes that allegedly had similar exterior paint colors to the Association's attention, the parties were unable to resolve the issue. Nevertheless, believing that the situation had been resolved, Wang and Chen finished painting the exterior of their home. Subsequently, in November 2015, the Association brought suit, asserting that Wang and Chen's house had to be repainted because the project was started before the exterior color was approved by the Association.

The case proceeded to a bench trial. At trial, Chen admitted that they had started painting the house before requesting or receiving approval from the Association. Wang and Chen argued that because the color they selected, Open Air, was an earth tone, the Association had to approve it regardless of whether their application to change color was submitted after the repainting project started. After some testimony and questioning of the parties by the court, the trial court found that the color selected was not an earth tone. The court then asked whether the Association was moving for summary disposition based on the admissions made by Wang and Chen. The Association's lawyer indicated that he was, and the trial court granted the motion for summary disposition. The trial court based its summary disposition decision on the fact that Wang and Chen did not get prior approval for changing the exterior paint color of their home and because the color they selected was not an earth tone color. Thereafter, the court entered a stipulated order requiring Wang and Chen to repaint their home "Sherwin Williams No. 6113, Interactive Cream" by June 1, 2017.

## II. SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

Wang and Chen argue that the trial court erred by granting summary disposition in the Association's favor. We review de novo a trial court's decision to grant summary disposition. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). The trial court did not indicate which subrule it was relying on when granting summary disposition. Because it looked beyond the pleadings when considering the motion, we will treat it as having been granted under MCR 2.116(C)(10). A motion for summary disposition brought under MCR 2.116(C)(10) "tests the factual support for a claim and should be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *MEEMIC Ins Co v DTE Energy Co*, 292 Mich App 278, 280; 807 NW2d 407 (2011). When deciding a motion for summary disposition, the facts must be viewed in the light most favorable to the nonmoving party. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

## B. ANALYSIS

The trial court based its summary disposition decision on two facts: (1) the color Wang and Chen selected for the exterior of their home was not an earth-tone color and (2) Wang and Chen failed to obtain the Association's approval to change the color of the home before repainting their house.

Wang and Chen challenge the trial court's finding that the new color of their home was not an earth-tone color. At trial, Wang and Chen presented evidence that the selected color was an earth-tone color, and the Association presented evidence that the color selected was not permissible under the Bylaws. The trial court expressly found that the color selected was not an earth tone, so it was not permissible under the Bylaws. We conclude that the trial court erred by making a factual finding in connection with a motion for summary disposition. See *Burkhardt v Bailey*, 260 Mich App 636, 646-647; 680 NW2d 453 (2004) (stating that a trial court may not make factual findings when deciding a motion for summary disposition).

Nevertheless, the trial court did not err by granting summary disposition. With regard to exterior painting, Section 15 of the Association's Bylaws states:

> Exterior Painting. Any exterior painting of an owner's dwelling or other structure must be approved by the Association prior to commencement of any preparation work. *An owner desiring to paint the exterior of a dwelling must first submit to the Association the Alteration/Modification Form for Exterior Painting, except if the color chosen is the original color of the structure.* Any requests must be accompanied by two color chips for each color to be applied. As a general guideline, only light earth-tone colors are permitted for exterior painting. *If any owner violates this Section, the Association may request that the owner change his choice of exterior color(s) and re-paint the dwelling at the owner's expense.* [Emphasis added.]

Under this section, a homeowner must seek prior approval from the Association before he or she can change the exterior color of his or her home. If that requirement is violated, the Association is entitled to have the color changed and the home repainted a different color at the homeowner's expense. Wang and Chen started their repainting project without first seeking prior approval of the new color from the Association. As such, even viewing the facts in the light most favorable to Wang and Chen, it is clear that they violated the Bylaws and that the Association is entitled to have the color changed at their expense. Accordingly, the trial court did not err by granting summary disposition in the Association's favor on this basis.[2]

---

[2] For these reasons, we reject Wang and Chen's contention on appeal that the Association's claim was frivolous. We also reject their claim that the primary purpose for the Association's claim was to harass, embarrass, or damage them. The record reflects that the Association was enforcing its Bylaws, and Wang and Chen have directed this Court to no facts that indicate that

Wang and Chen next argue that the trial court erred by granting summary disposition because the Association lacked legal authority to force them to change the exterior paint color. In support, they assert that at the time they repainted their house the Association did not exist because it had been administratively dissolved by the State of Michigan. The Association does not dispute that it was administratively dissolved in 2011. However, it presented evidence suggesting that it was reinstated in September 2015 under MCL 450.2925(1), which provides that a corporation that was dissolved may "renew its corporate existence or its certificate of authority by filing the annual reports under section 911 for the last 5 years . . ." and by "paying the annual filing fees for all the years for which they were not paid, together with a penalty of $5.00 for each delinquent report." MCL 450.2925(2) further provides that "[t]he rights of a corporation that complies with this section are the same as if a dissolution or revocation has not taken place, and all contracts entered into and other rights acquired during the interval are valid and enforceable." Consequently, the Association's legal authority covered the period when Wang and Chen repainted their house without first obtaining prior approval to change the exterior color.[3]

Wang and Chen also argue that the reinstatement of the Association was fraudulent. In support, they contend that the Hawthorne Ridge Homeowners Association that registered with the State of Michigan is a different entity than the Association because none of the filings before September 2015 show information about "Hawthorne Ridge Ann Arbor." Further, they note that the "Hawthorne Ridge Homeowners Association" was managed by In Rhodes Management, Inc. They claim that In Rhodes Management confirmed that it never managed an Ann Arbor subdivision. Wang and Chen conclude, therefore, that the Association reinstated an organization that was completely unrelated to them in order to gain a "retroactive legal existence." Wang and Chen provided no documentary evidence in support of any of these factual allegations. Nor have they cited any legal authority in support of their position. "It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Mitcham v Detroit*, 355

---

the primary reason the Association sought enforcement was to harass, embarrass, or damage them.

[3] Wang and Chen direct this Court to *Woodbury v Res-Care Premier, Inc*, 295 Mich App 232; 814 NW2d 308 (2012), vacated 495 Mich 691 (2014). In that case, this Court stated that "[i]t is not reasonable to require persons to give notice to a nonexistent corporation on the contingent basis that at some unknown time in the future, some unknown person might elect to reinstate the corporation." *Id*. at 249. This Court's decision in *Woodbury*, however, was vacated by our Supreme Court, so it lacks precedential force.

Mich 182, 203; 94 NW2d 388 (1959). Accordingly, this argument has been abandoned on appeal, and we will not address it further.[4]

## II. FEES AND COSTS

Wang and Chen next argue that the trial court erred by awarding the Association attorney fees and costs. We conclude that we lack jurisdiction to consider this issue. There can be more than one final judgment or order in an action. *Avery v Demetropoulos*, 209 Mich App 502-503; 531 NW2d 720 (1994). Under the court rules, "the first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties . . . ." constitutes a final order, as does "a postjudgment order awarding or denying attorney fees and costs . . . ." MCR 7.202(6)(a)(*i*) and (*iv*). However, a plaintiff is required to file a separate claim of appeal from a postjudgment order awarding costs and fees. *McIntosh v McIntosh*, 282 Mich App 471, 484; 768 NW2d 325 (2009). Here, Wang and Chen filed an appeal only in conjunction with the order granting summary disposition. They did not file a separate appeal from the judgment awarding costs and fees. Consequently, this Court lacks jurisdiction to consider the issue. *Id.*

Affirmed. The Association may tax costs as the prevailing party. MCR 7.219(A).

/s/ William B. Murphy
/s/ Michael J. Kelly
/s/ Brock A. Swartzle

---

[4] Wang and Chen also assert that summary disposition was improper because the Association failed to prove that it was damaged by their decision to repaint the exterior of their home. They abandoned their argument, however, by failing to support it legally or factually. *Mitcham*, 355 Mich at 203. Similarly, because they provided no evidence or legal authority, they abandoned their argument that the trial court violated their civil rights. *Id.*