# Court of Appeals, State of Michigan

## ORDER

Roxanne Colen v Chiam Colen

Docket No.    345318

LC No.        12-115379-DM

Kirsten Frank Kelly
Presiding Judge

Stephen L. Borrello

Deborah A. Servitto
Judges

The Court orders that the January 21, 2020 opinion is hereby VACATED, and a new opinion is attached.

/s/ Kirsten Frank Kelly

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

February 4, 2020
Date

Chief Clerk

not address plaintiff's oral request for attorney fees that she made at the evidentiary hearing. Neither party appealed the trial court's April 18, 2016 opinion and order.

More than a year later, on June 27, 2017, plaintiff, through new counsel, filed a motion for attorney fees under MCR 3.206(C),[1] seeking $17,281.25 in attorney fees related to work performed by her prior counsel between March 2014 and April 2016. Plaintiff asserted that throughout that period she repeatedly requested that defendant contribute to the cost of her attorney fees. Plaintiff contended that she was entitled to an award of attorney fees because she lacked the ability to bear the expense of the attorney fees and because the fees were incurred because defendant refused to comply with various court orders. Plaintiff subsequently filed a supplemental motion seeking additional attorney fees totaling $69,399.44.[2]

Following a hearing on the motion, the trial court took the matter under advisement. On March 28, 2018, the trial court issued a written opinion and order denying plaintiff's motion for attorney fees. The trial court noted that the parties were previously before the court on several occasions and acknowledged that on February 9, 2015, it had ordered defendant to pay $20,000 in attorney fees. The court explained its belief that this prior award "addressed any and all attorney fees in connection with matters before this court prior to the entry of that order." The trial court stated that it was "unaware of any outstanding attorney fees owed to the plaintiff as this issue has not been brought before the court since February 9, 2015." The court further noted that the issues raised in plaintiff's motion had "been previously adjudicated or otherwise addressed by this court" and that "[p]laintiff provide[d] no basis for the court to now reconsider the issue of attorney fees."

Plaintiff moved for reconsideration, arguing that the trial court's February 9, 2015 order only addressed attorney fees incurred up until the entry of that order and that her current motion sought attorney fees incurred after the entry of that order. Plaintiff also argued that she properly raised the issue of attorney fees during the intervening time period and specifically referred to her oral request at the 2016 evidentiary hearing. The trial court denied plaintiff's motion for reconsideration, and this appeal followed.

## II. ANALYSIS

Plaintiff argues that the trial court abused its discretion by denying her post-judgment motion for attorney fees.

_____

[1] The provisions of MCR 3.206(C) are now found in MCR 3.206(D), effective January 1, 2019. See 503 Mich clxiii (2019). There were no substantive changes to the rule, and we will refer to the current version, MCR 3.206(D), in this opinion.

[2] Although this supplemental motion is not contained in the lower court record, defendant does not dispute that the motion was filed. The trial court referenced plaintiff's request for $69,399.44 in its opinion.

-2-

not address, or make any reference to, attorney fees. Plaintiff's trial brief, filed before the evidentiary hearing, did not include any request for attorney fees.

Almost two years later, on April 5, 2018, plaintiff filed a motion in the trial court involving child support matters and a request for attorney fees, and it is this motion that forms the underlying basis for the instant appeal. Plaintiff was represented by different counsel at this point. The register of actions reflects that no filings were made in the case during this period between the trial court's April 18, 2016 opinion and order and plaintiff's April 5, 2018 motion. Because the instant appeal involves only plaintiff's motion for attorney fees and the child support matters are not at issue, we will not discuss the child support issues in detail. Suffice it to say that plaintiff essentially alleged that defendant was in arrears on his child support despite having a significantly high income. Plaintiff also alleged that her sole source of income was child and spousal support.

As specifically relevant to the issues on appeal, plaintiff's motion requested that defendant be ordered to pay plaintiff's attorney fees "for this litigation, as well as the litigation incident to the parties' competing parenting time motions which were resolved via an opinion entered on April 18, 2016." Plaintiff specified that she was seeking to be reimbursed for attorney fees related to that parenting time dispute that were incurred from February 10, 2015 through November 2, 2017. Plaintiff maintained that MCR 3.206(C)(1) permitted her to "at any time, request that the court order the other party to pay all or part of the attorney fees and expenses related to the action or specific proceeding, including a post-judgment proceeding."[1] Plaintiff's motion alleged that she incurred $37,887.60 in attorney fees that were owed to her former counsel's law firm and that she had also paid a retainer to her new counsel. Plaintiff subsequently filed an amended motion specifically limited to her request for attorney fees and with essentially the same relevant underlying factual allegations.

The trial court held a hearing on July 23, 2018, dedicated entirely to the attorney fee issue. After hearing oral arguments from the parties, the trial court denied plaintiff's motion for attorney

---

[1] The provision in MCR 3.206(C) was relettered to MCR 3.206(D), but without any change in language, pursuant to the May 30, 2018 amendment to the court rule that took effect on September 1, 2018. See 501 Mich ___ (2018). As will be discussed, this court rule has also been amended since the proceedings at issue below occurred. However, it is still the language that remained in effect through the May 30, 2018 amendment to the court rule that was in effect at all times during the proceedings below that are relevant to the instant appeal and that we will cite unless we state otherwise, even though that language was contained in subrule (C) at the time. For the sake of simplicity, we will use the current lettering for subrule (D); the lettering still has not changed even in the most recent amendment. The newest version of MCR 3.206 took effect on January 1, 2020, and it does include some additional language in Subrule (D)(2). See Michigan Supreme Court Order, ADM File Nos. 2002-37 and 2018-19, Amendment of Rule 3.206 of the Michigan Court Rules, entered November 13, 2019. We refer to this newly amended version below as necessary, but we note here that our analysis of the particular issues raised on appeal does not implicate the most recent change to MCR 3.206(D)(2) and that our conclusion would be the same under either version of this subrule.

fees with respect to prior fees "up and through the current request." The trial court recognized that the court rule permitted a request for attorney fees to be made at "any time," but nonetheless reasoned that plaintiff's request was untimely because she had waited more than two years without pursuing the attorney fees related to the prior parenting time motions that had already been resolved.[2] The trial court also clarified that it was not permitting attorney fees regarding the instant motion for attorney fees. Plaintiff now appeals and challenges this ruling.

## II. STANDARD OF REVIEW

This Court reviews a trial court's decision regarding whether to award attorney fees in a divorce action for an abuse of discretion. *Richards v Richards*, 310 Mich App 683, 699; 874 NW2d 704 (2015). "An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes." *Smith v Smith*, 278 Mich App 198, 207; 748 NW2d 258 (2008). The trial court's factual findings underlying an award of attorney fees are reviewed for clear error. *Richards*, 310 Mich App at 700. "A finding is clearly erroneous if we are left with a definite and firm conviction that a mistake has been made." *Id*. (quotation marks and citation omitted). To the extent that questions of law are presented, our review is de novo. *Reed v Reed*, 265 Mich App 131, 16; 693 NW2d 825 (2005).

## III. ANALYSIS

On appeal, plaintiff argues that the trial court abused its discretion and erred as a matter of law by denying her motion for attorney fees for the period of February 9, 2015 through July 23, 2018 (the date of the motion hearing) for being untimely. Plaintiff maintains that MCR 3.206(D)(1) expressly allows a party to seek attorney fees from the other party in a divorce action "at any time."

"Under the 'American rule,' attorney fees are not recoverable as an element of costs or damages unless expressly allowed by statute, court rule, common-law exception, or contract." *Reed*, 265 Mich App at 164 (citations omitted). "In domestic relations cases, attorney fees are authorized by both statute, MCL 552.13, and court rule, [currently MCR 3.206(D)]." *Reed*, 265 Mich App at 164. However, "attorney fees are not recoverable as of right in divorce actions." *Reed*, 265 Mich App at 164.

MCL 552.13(1) provides in relevant part that "[i]n every action brought, either for a divorce or for a separation, the court may require either party . . . to pay any sums necessary to enable the adverse party to carry on or defend the action, during its pendency." Under MCR 3.206(D)(1), "[a] party may, at any time, request that the court order the other party to pay all or

---

[2] Although the trial court ruled that plaintiff could not be awarded attorney fees related to the prior parenting time proceedings or for the current motion seeking those fees, the trial court reserved the issue of attorney fees with respect to plaintiff's concurrent child support motion and plaintiff does not challenge that ruling on appeal.

part of the attorney fees and expenses related to the action or a specific proceeding, including a post-judgment proceeding."[3]

The issue presented by plaintiff's appellate argument is whether a trial court may determine that a motion for attorney fees by a party in a divorce action was untimely and deny the motion on that basis, despite the language in MCR 3.206(D)(1) permitting a party in a divorce action to request attorney fees "at any time." We acknowledge that this language appears broad and that there is no explicit time limitation in the rule. See *Smith*, 278 Mich App at 207 n 3. However, this case is distinguishable from *Smith* in a crucial respect. Plaintiff in this case allowed almost two years to elapse without taking any action in the trial court related to the divorce action, much less any action in the trial court directed at attempting to recover attorney fees related to any portion of the action under MCR 3.206. *Smith*, in contrast, involved an attorney fee request that was made in the context of ongoing litigation that was actively proceeding in the trial court. See *Smith*, 278 Mich App at 207 n 3. Accordingly, we conclude that we are not bound by *Smith* on this issue under the circumstances of this case.[4]

Instead, to guide our analysis, we turn to other decisions of this Court involving statutes that do not include express time limits for a party to seek the relief provided for by the statute.

In *Baynesan v Wayne State Univ*, 316 Mich App 643, 647-649, 655-656; 894 NW2d 102 (2016), this Court held that the Court of Claims did not abuse its discretion by determining that the defendant's attempt to transfer a case from the circuit court to the Court of Claims was ineffective for being untimely even though the statute allowing such a transfer did not contain an explicit timing limitation. The Court of Claims, in transferring the matter back to the circuit court (which had concurrent jurisdiction over the matter), recognized that the statute providing the vehicle for transfer from the circuit court to the Court of Claims did not have a time limit but reasoned that the defendant had continued to actively litigate the matter in the circuit court for almost one year after the option to transfer the matter to the Court of Claims had become available through the enactment of the relevant statute[5] and that such conduct demonstrated "an unequivocal act of approval to the matter being joined for trial in [the circuit] court." *Id*. at 648-649, 652-653. The Court of Claims further expressed its concerns about unrestricted forum-shopping and found that the defendant's notice of transfer was untimely and impermissible. *Id*. at 649-650.

On appeal, this Court affirmed, reasoning that the Court of Claims' ruling "was within the inherent authority of a court to impose sanctions appropriate to contain and prevent abuses so as

---

[3] We note that MCR 3.206(D)(1) has not been affected by the recent amendment to the court rule that took effect on January 1, 2020.

[4] For the same reason, the unpublished case relied on by plaintiff on appeal, Pierron v Pierron, unpublished per curiam opinion of the Court of Appeals, issued January 27, 2011 (Docket No. 292817), is distinguishable and unpersuasive in resolving this appeal.

[5] The statute at issue in *Baynesan* allowing for transfer to the Court of Claims was MCL 600.6404(3).

to ensure the orderly operation of justice." *Id*. at 655 (quotation marks and citation omitted). The *Baynesan* Court stated, " 'This power is not governed so much by rule or statute, but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' " *Id*., quoting *Maldonado v Ford Motor Co*, 476 Mich 372, 376; 719 NW2d 809 (2006). The *Baynesan* Court further noted that a "trial court has the inherent authority to control its own docket." *Baynesan*, 316 Mich App at 651.

Another approach is illustrated in *Avery v Demetropoulos*, 209 Mich App 500, 501; 531 NW2d 720 (1994), in which this Court addressed the plaintiff's appeal from an order awarding costs and attorney fees to the defendant "because plaintiff filed a frivolous claim within the meaning of MCL 600.2591(3)."[6] MCL 600.2591(1) provides that "[u]pon motion of any party," a court in a civil action "shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action" if the court finds that a civil action or defense was "frivolous." The term "frivolous" is defined for purposes of this statute in MCL 600.2591(3). MCL 600.2591(2) states, "The amount of costs and fees awarded under this section shall include all reasonable costs actually incurred by the prevailing party and any costs allowed by law or by court rule, including court costs and reasonable attorney fees." There is no timing requirement contained in MCL 600.2591 for when a motion for costs under this statute must be made. This Court held that with respect to the procedure for recovering costs under MCL 600.2591, the "appropriate standard to apply to the statute is whether the motion for costs was filed within a reasonable time after the prevailing party was determined." *Avery*, 209 Mich App at 503. Subsequently, this Court has concluded that whether a motion for costs under MCL 600.2591 was brought within a reasonable time after the prevailing party was determined "depends on the circumstances" of the individual case. *In re Costs & Attorney Fees*, 250 Mich App 89, 107-108; 645 NW2d 697 (2002).

Accordingly, we conclude that a motion for attorney fees under MCR 3.206(D) must be brought within a reasonable time after the fees sought were incurred and that what constitutes a reasonable time depends on the particular facts and circumstances of each case. *Avery*, 209 Mich App at 503; *In re Costs & Attorney Fees*, 250 Mich App at 107-108. A trial court's decision to deny attorney fees on the ground that the motion was untimely for being made outside a reasonable time is within its inherent authority to "impose sanctions appropriate to contain and prevent abuses so as to ensure the orderly operation of justice," as well as its inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Baynesan*, 316 Mich App at 655 (quotation marks and citations omitted). "An exercise of the court's 'inherent power' may be disturbed only upon a finding that there has been a clear abuse of discretion." *Id*. at 651 (quotation marks and citation omitted). "An abuse of discretion occurs when a court chooses an outcome outside the range of principled outcomes." *Id*. Underlying factual findings are reviewed for clear error. *Id*.

In this case, the trial court did not abuse its discretion denying plaintiff's motion for attorney fees with respect to the matters preceding and including the 2018 motion for attorney fees on the ground that by neglecting the matter for almost two years, plaintiff had failed to timely pursue attorney fees under MCR 3.206. To the extent that plaintiff apparently attempted to recover

---

[6] This statute has not been amended since *Avery* was decided.

certain additional attorney fees in 2016 after the February 9, 2015 order awarding fees and before the April 18, 2016 order resolving the parties' parenting time dispute, it appears from the record that plaintiff abandoned this attempt and that plaintiff never took any action in the trial court between April 2016 and April 2018 to obtain attorney fees for the period at issue after the attorney fee issue was not addressed in the trial court's April 18, 2016 order. Under these factual circumstances, plaintiff's April 2018 motion was not brought within a reasonable time after the attorney fees at issue were incurred, and the trial court did not abuse its discretion by determining that the motion was untimely. Dismissal of the motion on the basis of untimeliness was within the trial court's inherent authority to manage its affairs and sanction litigants. The trial court's ruling is affirmed.

Additionally, plaintiff argues that this Court should award her appellate attorney fees related to this appeal under MCR 3.206(D) and based on the existing record. This Court has indicated that appellate attorney fees may be awarded under MCR 3.206(D). See *Myland v Myland*, 290 Mich App 691, 703; 804 NW2d 124 (2010).

As an initial matter, this Court has explained that MCR 3.206(D)(2) "provides two independent bases for awarding attorney fees and expenses." *Richards*, 310 Mich App at 700. Subrule (D)(2)(a) "allows payment of attorney fees based on one party's inability to pay and the other party's ability to do so," while Subrule (D)(2)(b) "considers only a party's behavior, without reference to the ability to pay." *Richards*, 310 Mich App at 701.

In this case, plaintiff specifically argues that she is entitled to appellate attorney fees based on subrule (D)(2)(a), arguing that she is unable to bear the expense of the action while defendant has the ability to pay. "Attorney fees in a divorce action may be awarded when a party needs financial assistance to prosecute or defend the suit," and "a party should not be required to invade assets to satisfy attorney fees when the party is relying on the same assets for support." *Smith*, 278 Mich App at 207 (quotation marks and citations omitted). "Pursuant to [MCR 3.206(D)(2)(a)], the party requesting the fees must allege facts sufficient to show that he or she is 'unable to bear the expense of the action, and that the other party is able to pay.'" *Smith*, 278 Mich App at 207.[7]

---

[7] The version of MCR 3.206(D)(2)(a) that took effect on January 1, 2020 provides as follows:

> (2) A party who requests attorney fees and expenses must allege facts sufficient to show that
>
> (a) the party is unable to bear the expense of the action, including the expense of engaging in discovery appropriate for the matter, and that the other party is able to pay . . . . [MCR 3.206(D)(2)(a), as amended by Michigan Supreme Court Order, ADM File Nos. 2002-37 and 2018-19, Amendment of Rule 3.206 of the Michigan Court Rules, entered November 13, 2019.]

The former version of this subrule provided as follows:

Accordingly, in this context, the analytical focus is on the financial status of each party in relation to the attorney fees because this is all that MCR 3.206(D)(2)(a) discusses and there is no language in the subrule requiring consideration of whether the party requesting attorney fees prevailed on other substantive matters. MCR 3.206(D)(2)(a); see also *Smith*, 278 Mich App at 207 (explaining what the party requesting fees must allege); *Myland*, 290 Mich App at 701-703 (concluding that the trial court made an error of law by denying the plaintiff's need based request for attorney fees under what is now MCR 3.206(D)(2)(a) because the trial court's decision was based on its belief that attorney fees should only be awarded if a party engaged in egregious conduct or wasteful litigation; this Court stated that "[i]t was incumbent upon the trial court to consider whether attorney fees were necessary for plaintiff to defend her suit, including whether, under the circumstances, plaintiff would have to invade the same spousal support assets she is relying on to live in order to pay her attorney fees and whether, under the specific circumstances, defendant has the ability to pay or contribute to plaintiff's fees"); *Edge v Edge*, 299 Mich App 121, 136; 829 NW2d 276 (2012) (explaining that a circuit court had not actually granted attorney fees under MCR 3.206(D), even though the circuit court had cited that subrule as a basis for its decision, because the circuit court had expressly stated that it was granting attorney fees and costs as sanctions for making frivolous claims on appeal and did not make any factual findings about the parties' relative abilities to pay the expense of the defendant's appeal or whether the defendant refused to comply with a previous order despite having the ability to comply). Thus, plaintiff's failure to prevail on her appellate argument in this Court regarding the trial court's denial of her motion for attorney fees as being untimely is not dispositive of the issue regarding her request for attorney fees in pursuing the instant appeal.

However, the record before this Court does not include factual findings by the trial court sufficient for us to review the issue whether plaintiff is currently unable to bear these expenses.[8]

---

(2) A party who requests attorney fees and expenses must allege facts sufficient to show that

(a) the party is unable to bear the expense of the action, and that the other party is able to pay . . . . [MCR 3.206(D)(2)(a), as amended by 501 Mich ___ (2018).]

We do not perceive that the addition of language to the court rule clarifying that the expense of the action includes the expense of engaging in appropriate discovery would have any effect on the standard described in this Court's decisions cited in the body of this opinion, i.e., that a court must determine the financial ability of the parties to pay the attorney fees and expenses. As will be more fully explained, our disposition the appellate attorney fee issue is based on the absence of factual findings by the trial court in the current record regarding the parties' respective financial ability to pay the attorney fees. Accordingly, further discussion of the amended language is unnecessary.

[8] Although the trial court did order defendant to pay $2,900 in attorney fees to plaintiff's counsel in an order on January 15, 2019, involving the ongoing child support dispute, the record before this Court does not contain the trial court's factual findings with respect to that ruling.

"[W]hether a party has an inability to pay is dependent on the particular facts and circumstances of each case." *Loutts v Loutts*, 309 Mich App 203, 217; 871 NW2d 298 (2015).

> It [i]s incumbent upon the trial court to consider whether attorney fees [a]re necessary for plaintiff to defend her suit, including whether, under the circumstances, plaintiff would have to invade the same spousal support assets she is relying on to live in order to pay her attorney fees and whether, under the specific circumstances, defendant has the ability to pay or contribute to plaintiff's fees.
>
> This requires a trial court to give "special consideration to the specific financial situations of the parties and the equities involved." [*Id*. at 217-218 (citations omitted; alteration in original).]

In this case, the level of defendant's financial resources, which the parties disputed, is unclear from the record. Moreover, this Court has no record of the amount of fees to which plaintiff claims she is entitled as a result of this appeal or whether she would actually need to invade the same spousal support assets that she relies on for living expenses in order to pay her attorney fees. The essence of plaintiff's argument is that she has fewer financial resources than defendant, but the standard for awarding attorney fees under MCR 3.206(D)(2)(a) is more complex than that. See *Loutts*, 309 Mich App at 217-218. The determination whether plaintiff satisfies the requirements of the court rule regarding her financial inability to bear these costs is a factual one that should first be addressed by the trial court. See *id*.; see also *Allen v Keating*, 205 Mich App 560, 564; 517 NW2d 830 (1994) ("Appellate review is limited to issues actually decided by the trial court.").[9]

Because the record is insufficiently developed to allow adequate appellate review of this issue, the trial court should first address plaintiff's request for appellate attorney fees. Notably, this request was made within a reasonable time of incurring those fees since they were incurred in the process of pursuing the instant appeal and are not fees incurred for the prior proceedings that culminated in the April 2016 order.

We recognize that in *Gates v Gates*, 256 Mich App 420, 439; 664 NW2d 231 (2003), this Court determined that the defendant was entitled to appellate attorney fees under what is now MCR 3.206(D)(2)(a) and remanded only for the trial court to decide the appropriate amount of those fees. The *Gates* Court concluded that the defendant was "unable to bear the expense of this action on appeal for the same reasons we have determined that the award of spousal support and attorney fees by the trial court is inadequate" and that the trial court on remand was to "also determine an appropriate award of attorney fees for this appeal." *Id*.

---

[9] Although plaintiff logically could not have requested these appellate fees in the trial court before deciding to pursue an appeal, remanding this matter to the trial court will still allow her to attempt to recover these fees.

However, in *Gates*, this Court had relevant factual findings by the trial court to review that are not available in the instant case. See *id*. at 423, 433-434, 436-439. The trial court in this case denied attorney fees to plaintiff on the ground that her motion was untimely and without making any factual findings regarding the parties' respective abilities to pay attorney fees, and there are no pertinent findings in the current record from which this Court could make a determination whether plaintiff may be entitled to appellate attorney fees under MCR 3.206(D)(2)(a). Thus, *Gates* does not require this Court to decide first whether plaintiff in this case is entitled to some amount of attorney fees before remanding this matter, nor does *Gates* prohibit this Court from remanding this matter to the trial court to address this question in the first instance.

In conclusion, we affirm the trial court's decision denying plaintiff's motion for attorney fees related to the prior 2016 hearing and the 2018 motion pursuing those fees, and we remand this matter to the trial court to allow plaintiff to pursue her request for appellate attorney fees related to the instant appeal under MCR 2.306(D)(2)(a) in the trial court so as to develop an appropriate factual record.

Affirmed but remanded for purposes of allowing the trial court to address plaintiff's motion for appellate attorney fees under MCR 2.306(D)(2)(a). We do not retain jurisdiction.

/s/ Kirsten Frank Kelly
/s/ Stephen L. Borrello
/s/ Deborah A. Servitto