*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHELE MAYER,

      Plaintiff-Appellant,

v

STEVEN GLEN GREGERSON,

      Defendant-Appellee.

UNPUBLISHED
April 13, 2023

No. 360835
Oakland Circuit Court
Family Division
LC No. 2005-710435-DO

Before: CAMERON, P.J., and JANSEN and BORRELLO, JJ.

PER CURIAM.

In this exceptionally litigious divorce case, plaintiff, Michele Mayer, appeals as of right a March 14, 2022 order containing an award of attorney fees and costs to defendant, Steven Glen Gregerson. Because we conclude that plaintiff has not raised any claims of error falling within the scope of our limited jurisdiction, we affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

The parties' 2006 consent judgment of divorce required defendant to pay spousal support to plaintiff, including ⅓ of defendant's employment bonuses, until plaintiff's death, remarriage, or further order of the court. In 2016, defendant moved to terminate spousal support. After several months of highly contentious litigation, the parties reached a settlement that was memorialized in a stipulated order. Defendant was to pay three lump-sum nonmodifiable support payments and, in exchange, any claim plaintiff had to "further or other alimony/spousal support" would be "forever barred, released, and waived." The parties further agreed to a mutual release of all existing claims against each other and that the stipulated order superseded defendant's spousal support obligations outlined in the divorce judgment.

It is undisputed that defendant timely paid the amounts specified in the stipulated order. But in September and October 2021, plaintiff filed a series of motions seeking past-due spousal support, including ⅓ of a 2016 bonus defendant received in 2017. Defendant moved for sanctions, arguing that plaintiff's attempt to recover additional spousal support was plainly barred by the parties' 2016 stipulated order. The trial court agreed that plaintiff's motions were frivolous such that sanctions were warranted. On November 24, 2021, the trial court ordered plaintiff to pay

-1-

$7,766 in attorney fees and costs by December 12, 2021. Plaintiff failed to pay the fees and costs, prompting defendant to file a show-cause motion. On February 2, 2022, the trial court entered a second order directing plaintiff to pay the same attorney fees and costs by the following day. She again failed to comply, resulting in entry of the March 14, 2022 order from which this appeal was taken.

## II. ATTORNEY FEES

Defendant contends that this Court lacks jurisdiction because the March 14, 2022 order did not involve newly ordered attorney fees and costs; rather, it was entered solely to enforce the sanctions first awarded on November 24, 2021.[1] We disagree. Nonetheless, we recognize that defendant's jurisdictional challenge implicates the limited scope of this Court's jurisdiction under MCR 7.203(A)(1), and conclude that none of plaintiff's claims of error are reviewable in this appeal.

## A. STANDARD OF REVIEW

This Court always has an obligation to consider its own jurisdiction. *Tyrrell v Univ of Mich*, 335 Mich App 254, 260; 966 NW2d 219 (2020). See also *Adams v Adams (On Reconsideration)*, 276 Mich App 704, 709; 742 NW2d 399 (2007) ("The question of jurisdiction is always within the scope of this Court's review."). "Whether this Court has jurisdiction to hear an appeal is a question of law reviewed de novo." *Tyrrell*, 335 Mich App at 260-261.

## B. ANALYSIS

This Court has jurisdiction over an appeal by right filed by an aggrieved party from a final judgment or order of a circuit court. MCR 7.203(A)(1). For purposes of this rule, a final judgment or final order includes "a postjudgment order awarding or denying attorney fees and costs under court rule or other law[.]" MCR 7.202(6)(a)(*iv*).

Plaintiff's appeal arises from the trial court's March 14, 2022 order. Paragraph 7 of the order states, "Plaintiff shall pay $7,766.00 to [defense counsel's law firm] no later than 5 pm on March 28, 2022." We have not discovered any authority to support defendant's interpretation of MCR 7.202(6)(a)(*iv*) as limiting appeals to newly awarded attorney fees and costs, and the plain language of the court rule does not impose any such limitation. It merely requires that the order appealed be one entered postjudgment and that it either award or deny attorney fees and costs. MCR 7.202(6)(a)(*iv*). The order appealed was entered more than a decade postjudgment and, on its face, requires plaintiff to pay a specified amount of attorney fees and costs. It is, therefore, a final order appealable by right. MCR 7.202(6)(a)(*iv*); MCR 7.203(A)(1).

---

[1] This Court previously denied defendant's motion to dismiss without prejudice to his ability to raise his jurisdictional challenge for consideration by the case call panel. *Mayer v Gregerson*, unpublished order of the Court of Appeals, entered July 6, 2022 (Docket No. 360835).

That said, although a party claiming an appeal of right from a final judgment or final order described in MCR 7.202(6)(a)(*i*) and (*ii*) may raise issues regarding earlier orders, an appeal from a postjudgment order awarding or denying attorney fees and costs is not as broad. Rather, such an appeal "is limited to the portion of the order with respect to which there is an appeal of right." MCR 7.203(A)(1). In other words, "any issue outside those challenging the award of attorney fees goes beyond our jurisdiction . . . ." *Pioneer State Mut Ins Co v Michalek*, 330 Mich App 138, 143; 946 NW2d 812 (2019).

Plaintiff was first ordered to pay the underlying attorney fees and costs on November 24, 2021. When she failed to do so, the trial court entered a second order on February 2, 2022, directing plaintiff to issue a check or money order for the attorney fees and costs that day and mail it to defense counsel by the following evening. Plaintiff again failed to comply, leading to entry of the March 14, 2022 order and plaintiff's appeal from that order. Each of these three orders contained an explicit award of attorney fees, albeit the same fees arising from plaintiff's frivolous motion practice, and each was a final order as defined in MCR 7.202(6)(a)(*iv*), appealable by right under MCR 7.203(A)(1). See *Avery v Demetropoulos*, 209 Mich App 500, 503; 531 NW2d 720 (1995) (noting that there can be more than one final order). "When a final order is entered, a claim of appeal from that order must be timely filed. A party cannot wait until the entry of a subsequent final order to untimely appeal an earlier final order." *Surman v Surman*, 277 Mich App 287, 294; 745 NW2d 802 (2007). Because plaintiff did not appeal the initial November 24, 2021 order awarding attorney fees, any argument regarding the trial court's reason for awarding sanctions or the reasonableness of those fees is not reviewable in this appeal. Instead, this Court's jurisdiction is limited to issues specifically pertaining to the March 14, 2022 order, which was entered well after the underlying attorney fees had been awarded in a final order that was not appealed.

To the best of our understanding, plaintiff's 14 stated issues can be categorized into five claims of error: (1) whether the trial court erred by refusing to enforce plaintiff's right to spousal support from defendant's 2016 bonus; (2) whether the trial court erred by granting sanctions when plaintiff abandoned or dismissed her first contempt motion; (3) whether the trial court erred by entering the November 24, 2021 order regarding sanctions when neither defendant nor defense counsel attended the hearing; (4) whether the trial court erred by cancelling the March 16, 2022 hearing so as to relieve defense counsel from responding to plaintiff's subpoena; and (5) whether the trial court erred by making certain comments at a hearing on October 27, 2021. Of these issues, only the fourth issue relates specifically to the order appealed, and even that issue does not address the award of attorney fees and costs therein, i.e., "the portion of the order with respect to which there is an appeal of right." MCR 7.203(A)(1). The second and third issues relate to the initial award of attorney fees, and the first issue has a tangential relation to the attorney fees in that it speaks to whether plaintiff's motions were frivolous. Even so, these issues are not within the scope of this Court's limited jurisdiction because plaintiff failed to appeal the November 24, 2021 order containing the initial award of attorney fees. The last issue is not remotely germane to any of the

orders awarding attorney fees and is not reviewable in this appeal. Because plaintiff has not presented any issues that are properly before this Court, we are without jurisdiction to address her substantive claims of error.

Affirmed.

/s/ Thomas C. Cameron
/s/ Kathleen Jansen
/s/ Stephen L. Borrello