ANTONOW v MARSHALL

Docket No. 97632. Submitted May 17, 1988, at Detroit. Decided June 21, 1988. Leave to appeal applied for.

Elliot M. Antonow brought a medical malpractice action in Wayne Circuit Court against Fred Marshall, D.O., and others in 1984. Plaintiff and Dr. Marshall (hereafter defendant) stipulated to the dismissal of defendant from the action. However, since the other defendants refused to join in the stipulation for dismissal of defendant, a motion for dismissal was filed by defendant and granted by the trial court, Roland L. Olzark, J. The order provided that defendant was dismissed "with prejudice and without costs, interest or attorney fees payable to any party . . . ." Defendant thereafter filed a motion for sanctions pursuant to MCR 2.114(D) and (E), which the trial court denied. Defendant appealed.

The Court of Appeals *held:*

Plaintiff did not argue below that application of MCR 2.114, which as part of the Michigan Court Rules took effect on March 1, 1985, would work injustice, and the trial court did not address the issue. Thus, MCR 2.114 applies. However, defendant's motion for sanctions pursuant to MCR 2.114 was untimely, defendant not having requested sanctions before he was dismissed from the action.

Affirmed.

PLEADING — SANCTIONS — COURT RULES.

A motion for the imposition of sanctions for a violation of the court rule which provides that a signature of a party or his attorney on a pleading constitutes certification that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law and that the pleading is not interposed for any improper purpose is not timely made by a defendant who was dismissed from an action where no request for sanctions

REFERENCES

Am Jur 2d, Pleadings §§ 340 *et seq.*

See the Index to Annotations under Civil Procedure Rules; Pleadings.

against the plaintiff was made by the defendant prior to his dismissal from the action (MCR 2.114[D] and [E]).

*Lakin, Worsham & Victor, P.C.* (by *Larry A. Smith*), for plaintiff.

*Butzel, Long, Gust, Klein & Van Zile, P.C.* (by *Walter Shapero* and *Michael M. Jacob*), for Fred Marshall.

Before: HOOD, P.J., and CYNAR and R. B. BURNS,[*] JJ.

PER CURIAM. Defendant Fred Marshall, D.O., appeals as of right from an order of the Wayne Circuit Court denying his motion for sanctions under MCR 2.114(D) and (E).

On July 27, 1984, plaintiff filed a medical malpractice action against eleven doctors and pharmacies, including defendant Fred Marshall, D.O. (hereinafter defendant). Plaintiff alleged that the doctors prescribed medication to plaintiff knowing that plaintiff abused the medication. On or about April 25, 1985, plaintiff's counsel spoke to counsel for defendant on the telephone, and plaintiff's counsel agreed to dismiss defendant from the case. A stipulation and order of dismissal was prepared; however, counsel for one of the other doctor-defendants refused to sign it. Therefore, defendant filed a motion for entry of the order of dismissal. An order was entered by the court on June 28, 1985. The order provided that defendant was dismissed "with prejudice and without costs, interest or attorney fees payable to any party as a result thereof."

On July 31, 1986, defendant, through new counsel, filed a motion for sanctions pursuant to MCR

_____
[*] Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

2.114(D) and (E), alleging that defendant was entitled to sanctions because there had been no factual basis for making defendant a defendant in the suit as defendant had no part in prescribing the medication to plaintiff. Plaintiff argued that defendant was precluded from receiving sanctions by the June 28, 1985, order of dismissal. Following a short hearing, the court denied defendant's motion, agreeing with plaintiff that defendant's motion was barred by the order of dismissal which provided that defendant was dismissed without "costs, interest, or attorney fees." Defendant appeals from this order.

MCR 2.114(D) and (E) state:

(D) *Effect of Signature.* The signature of an attorney or party, whether or not the party is represented by an attorney, constitutes a certification by the signer that

(1) he or she has read the pleading;

(2) *to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the pleading is well grounded in fact* and is warranted by existing law or good faith argument for the extension, modification, or reversal of existing law; and

(3) the pleading is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

(E) *Sanctions for Violation. If a pleading is signed in violation of this rule, the court,* on the motion of a party or on its own initiative, *shall impose upon the person who signed it,* a represented party, or both, *an appropriate sanction,* which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees. [Emphasis added.]

Initially, we disagree with plaintiff that MCR

2.114 does not apply to this case because the case was filed in 1984, before the effective date of the Michigan Court Rules. MCR 1.102 states:

> These rules take effect on March 1, 1985. They govern all proceedings in actions brought on or after that date, and all further proceedings in actions then pending. *A court may permit a pending action to proceed under the former rules if it finds that the application of these rules to that action would not be feasible or would work injustice.* [Emphasis added.]

Plaintiff did not argue below that application of MCR 2.114 to this case would work injustice, and the court did not address the issue. We therefore hold that MCR 2.114 does apply.

Nevertheless, we agree with plaintiff that defendant is barred from bringing the motion. While we agree with defendant that sanctions are not costs, interest, or attorney fees, we find defendant's motion untimely. Defendant relies on two federal cases, *Jackson Marine Corp v Harvey Barge Repair, Inc,* 794 F2d 989 (CA 5, 1986), and *Kurkowski v Volcker,* 819 F2d 201 (CA 8, 1987). These cases were decided under Rule 11 of the Federal Rules of Civil Procedure, which is identical to MCR 2.114(E). In *Jackson Marine* and *Kurkowski,* the courts held that dismissals of the cases did not preclude the trial courts from later determining appropriate sanctions. *Jackson Marine, supra,* pp 991-992; *Kurkowski, supra,* pp 203-204. However, in both those cases, the defendant had requested sanctions before the case was dismissed. In the instant case, defendant did not request sanctions prior to dismissal; therefore, we feel defendant's request for sanctions was untimely. The trial court did not err in denying defendant's motion for sanctions.

Affirmed.