MARYLAND CASUALTY COMPANY v ALLEN

Docket No. 166687. Submitted December 19, 1995, at Detroit. Decided
     January 3, 1997, at 9:20 A.M.

   Maryland Casualty Company, as subrogree of Pamela Lewis, brought
     an action in the Genesee Circuit Court against Harvey Allen, as per-
     sonal representative of the estate of Larry N. Allen, seeking dam-
     ages for Lewis' injury in an automobile accident in which the dece-
     dent allegedly had been negligent. The defendant moved for sum-
     mary disposition on the basis that the action was barred by the
     applicable statute of limitations. The defendant also requested
     sanctions pursuant to MCR 2.114(E). The court, Judith A. Fullerton,
     J., granted the motion for summary disposition. Months later, on
     the defendant's motion, the court ordered the plaintiff to pay as
     sanctions the defendant's costs and attorney fees. The plaintiff
     appealed.

     The Court of Appeals *held*:

     1. The defendant complied with the requirement that a request
   for sanctions be filed before dismissal of the action by making the
   request for sanctions when he filed the motion for summary
   disposition.

     2. The time limitations of MCR 2.625(F) regarding the taxation of
   costs apply only to costs taxed by a court clerk. Sanctions under
   MCR 2.114(E) are judicially determined and therefore are not sub-
   ject to the time limitations of MCR 2.625(F). Motions for sanctions
   under MCR 2.114 must be filed within a reasonable time. What con-
   stitutes reasonable time is left to the discretion of the trial court. In
   this case, the trial court did not abuse its discretion in determining
   that the defendant's motion for sanctions was timely.

     3. Costs and attorney fees incurred in having to file a motion for
   sanctions are among the expenses for which an award of sanctions
   may be sought under MCR 2.114(E). The trial court in this case did
   not abuse its discretion by including in its award of sanctions costs
   and attorney fees incurred by the defendant in bringing his motion
   for sanctions.

     4. The trial court did not clearly err in finding that the plaintiff's
   claim was frivolous.

     Affirmed.

1. COSTS — SANCTIONS FOR FRIVOLOUS DOCUMENTS — SUMMARY DISPOSITION.

> A motion for an award of sanctions for a violation of the court rule concerning the filing of frivolous documents, when filed after a grant of summary disposition in favor of the party seeking the sanctions, is timely if a request for sanctions was made when the motion for summary disposition was filed and if the motion for sanctions is made within a reasonable time after entry of the judgment granting summary disposition (MCR 2.114[E]).

2. COSTS — SANCTIONS FOR FRIVOLOUS DOCUMENTS — COSTS AND ATTORNEY FEES INCURRED IN FILING MOTION FOR SANCTIONS.

> Costs and attorney fees incurred in the filing of a motion for sanctions under the court rule concerning the filing of frivolous documents are among the expenses for which an award of sanctions may be sought and granted under the court rule (MCR 2.114[E]).

*Michael J. Mangapora, P.C.* (by *Robert D. Kent-Bryant*), for the plaintiff.

*Patrick M. Kirby,* for the defendant.

Before: MARKMAN, P.J., and MARILYN KELLY and L. V. BUCCI*, JJ.

MARILYN KELLY, J. In this subrogation action, plaintiff, Maryland Casualty Company, appeals as of right from a grant of sanctions to defendant, Harvey Allen, pursuant to MCR 2.114.

Plaintiff argues that defendant waived any right to sanctions after the order granting summary disposition was entered. It asserts that the motion was also untimely because it did not comply with the procedures in MCR 2.625(F) and because defendant delayed unreasonably by bringing it so long after judgment. Plaintiff claims that the trial court abused its discretion in awarding defendant attorney fees incurred in bringing the motion for sanctions itself.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Finally, it asserts that the trial court erred in finding that the pleading was frivolous. We affirm.

I

On February 14, 1989, a vehicle operated by defendant's decedent, Larry Allen, collided with a vehicle operated by John Ellul. Pamela Lewis was a passenger in Ellul's vehicle. At the time of the accident, Allen's vehicle was not covered by liability insurance as required by the Michigan no-fault automobile insurance act. MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.* Therefore, Lewis pursued an uninsured motorist claim against plaintiff, the insurer of Ellul's vehicle.

Plaintiff paid Lewis $100,000 and became subrogated to Lewis' cause of action for negligence against Allen. On February 18, 1992, plaintiff filed this subrogation claim against defendant. In response, defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(7), claiming that plaintiff's subrogation claim was barred by the three-year statutory period of limitations. MCL 600.5805(8); MSA 27A.5805(8). Defendant also requested sanctions pursuant to MCR 2.114.

Plaintiff filed an amended answer to defendant's motion, alleging that MCL 700.707; MSA 27.5707 provided a tolling period of four months following the death of defendant's decedent. Therefore, plaintiff claims, the lawsuit was timely filed. Defendant replied that MCL 700.710(2)(b); MSA 27.5710(2)(b) barred plaintiff's claim. It was not filed within four months after the date that defendant, as personal representative of the deceased, published a notice to creditors pursuant to MCL 700.703(1); MSA 27.5703(1). The trial

court agreed with defendant and granted summary disposition.

Five months after entry of the judgment, defendant filed a motion for sanctions under MCR 2.114. It argued that plaintiff's counsel had failed to make a reasonable inquiry into the circumstances surrounding the case and the relevant statute of limitations. The trial court denied the motion without prejudice. It stated that, if plaintiff did not file an appeal from the court's summary disposition order within thirty days of March 22, 1993, defendant could renew the motion. Defendant did renew the motion on May 13, 1993, requesting an additional $2,060.80 for the cost of pursuing sanctions under MCR 2.114(E). The trial court ordered that plaintiff pay $6,560.85 for attorney fees and costs in connection with the defense of the action.

II

Plaintiff argues that defendant waived any right to sanctions under MCR 2.114(E) by not asserting his right to sanctions before entry of the order granting summary disposition. Plaintiff urges that the order granting summary disposition was a final order and disposed of all pending issues, including sanctions. We disagree.

This Court recently rejected a similar argument, concluding that there can be more than one final judgment or order in an action. An order granting attorney fees after entry of an order disposing of the action is one example of it. *Avery v Demetropoulos*, 209 Mich App 500, 502-503; 531 NW2d 720 (1994). Likewise, MCR 2.114 does not require that the issue of sanctions be decided before the order granting

summary disposition is entered. The trial court or the parties might be inclined to delay a decision on sanctions until the losing party has an opportunity to appeal from a grant of summary disposition.

We recognize that, to be timely, a request for sanctions should be filed before the action's dismissal. *Antonow v Marshall*, 171 Mich App 716, 719; 430 NW2d 768 (1988). However, here defendant complied with that rule by requesting sanctions at the time he filed his motion for summary disposition. So long as a request has been made before dismissal, the trial court can award attorney fees at a later date. *Antonow, supra.*

III

Plaintiff asserts that the motion for sanctions was untimely, because it did not comply with the procedures set forth in MCR 2.625(F). We find that MCR 2.625(F) is inapplicable.

This Court recently addressed an analogous issue, whether MCR 2.625(F) was applicable to a motion for sanctions brought under MCL 600.2591; MSA 27A.2591, *Avery, supra.* While MCR 2.114 covers sanctions for filing frivolous documents, MCL 600.2591; MSA 27A.2591 covers sanctions for the filing of frivolous actions or defenses. The *Avery* Court held MCR 2.625(F), which provides a specific time limit to request costs, was inapplicable, because it refers only to the procedure used where the clerk taxes costs. An award of costs under MCL 600.2591; MSA 27A.2591 requires a judicial determination. Therefore, MCR 2.625(F) does not apply.

Likewise, the amount of sanctions under MCR 2.114 is to be judicially determined. MCR 2.114(E). There-

fore, the time limitations of MCR 2.625 are inapplicable.

Even though MCR 2.625(F) is inapplicable, plaintiff asserts that the motion for sanctions was untimely, because it was brought too long after the judgment was entered. In *Avery*, this Court determined that a motion for costs under MCL 600.2591; MSA 27A.2591 must be filed within a reasonable time after the prevailing party is determined. *Avery, supra* at 503. The trial court must ascertain, based upon the circumstances of the case, whether the motion for sanctions was filed within a reasonable time. *Id.*

Likewise, the reasonableness standard is appropriate under MCR 2.114. The trial court has the discretion to decide if a motion was timely filed. See *Community Electric Service of Los Angeles, Inc v Nat'l Electrical Contractors Ass'n, Inc*, 869 F2d 1235, 1242 (CA 9, 1989).

Here, the trial court did not abuse its discretion in granting defendant's motion for sanctions. Even though defendant actually sought sanctions five months after the grant of summary disposition, it is the trial court that was best acquainted with the case. Plaintiff was not surprised by the motion, because it had been filed concurrently with the motion for summary disposition. Additionally, even if defendant had filed the motion earlier, the record indicates that the judge would have postponed a decision on sanctions until plaintiff could appeal from the summary disposition. When, in January 1993, defendant did file his motion for sanctions, the court gave plaintiff addi-

tional time to bring an appeal before ruling on the motion. The trial court did not abuse its discretion.[1]

IV

Plaintiff argues that the trial court's award was unreasonably high. It asserts that the court should not have awarded attorney fees that defendant incurred in bringing the motion for sanctions. We review a trial court's determination of the amount of sanctions imposed for an abuse of discretion. *Klco v Dynamic Training Corp*, 192 Mich App 39, 42; 480 NW2d 596 (1991).

Sanctions which may be imposed under MCR 2.114 include payment to the opposing party of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees. MCR 2.114(E); *Burke v Burke*, 169 Mich App 348, 351; 425 NW2d 550 (1988). Costs incurred for having to file a motion for sanctions are included in such reasonable expenses.

V

Finally, plaintiff argues that the court erred in finding that plaintiff's claim was frivolous. The issue is

---

[1] Plaintiff's concern that prevailing parties would always file for sanctions under MCR 2.114 in order to avoid the time restrictions of MCR 2.625 is meritless. MCR 2.114(E) grants relief for frivolous pleadings and other documents, as opposed to MCR 2.625, which through MCL 600.2591; MSA 27A.2591, grants relief upon a finding that a civil action or defense as an entirety is frivolous. MCR 2.114(E) grants the trial court the discretion to award sanctions. MCR 2.625(A)(2), in contrast, indicates that if a court finds that an action or defense is frivolous, costs "shall" be awarded as provided by MCL 600.2591; MSA 27A.2591. Therefore, in a case where the prevailing party can show that an action or defense was meritless from the outset, a party would be better off filing for sanctions under MCR 2.625 and thereby be guaranteed reasonable costs and fees incurred as a result of the whole action.

not properly before us, because it was not presented in the statement of questions presented. MCR 7.212(C). Nevertheless, we conclude that the trial court's decision was not clearly erroneous. *Attorney General ex rel Director of Dep't of Natural Resources v Acme Disposal Co*, 189 Mich App 722, 728; 473 NW2d 824 (1991).

Affirmed.