*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

WILLIAM VOGEL, COLLEEN VOGEL, KENNETH VOGEL, EMILENE VOGEL, VOGEL FARMS PARTNERSHIP, WILLIAM & COLLEEN VOGEL LOVING TRUST, and KEN & EMILY VOGEL LOVING TRUST,

        Plaintiffs/Counter-Defendants,

and

THOMAS H. ANTHONY,

        Appellant,

v

BART DESAEGHER, ELISABETH DESAEGHER, TOM DEVOS, and KATRIEN DEVOS,

        Defendants/Counter-Plaintiffs-Appellees,

and

COW PLEASANT DAIRY INC, DOUBLE D DAIRY LLC, MATTHEW ROMASHKO, and MARTINEAU HACKETT O'NEIL & KLAUS,

        Defendants/Counter-Plaintiffs.

UNPUBLISHED
February 7, 2019

No. 339763
Isabella Circuit Court
LC No. 2015-012758-NM

Before: CAMERON, P.J., and BECKERING and RONAYNE KRAUSE, JJ.

PER CURIAM.

Thomas H. Anthony, the attorney who represented plaintiffs in underlying litigation, appeals by right the trial court's order awarding a total of $86,386.71 in attorney fee sanctions pursuant to MCR 2.114[1] in favor of defendants. The trial court's earlier order determining that appellant was required to pay sanctions is not at issue in this appeal,[2] but rather only the amount of attorney fees awarded. We affirm.

## I. BACKGROUND AND PROCEDURAL HISTORY

In its order determining that sanctions were warranted, the trial court set forth the following summary of the underlying litigation to date:

> On October 23, 2015, plaintiffs filed a complaint against defendants. This action arises out of transactions between plaintiffs and defendants involving plaintiffs' dairy farm. In 2009, plaintiffs entered into a contract with defendants DeSaegher, DeVos, Cow Pleasant Dairy, and Double D Dairy. On March 17, 2009, the parties executed a purchase agreement, pursuant to which plaintiffs received $410,000.00 in exchange for their interest in the dairy farm and related real estate. The transaction closed on July 28, 2009. The parties retained attorney Matthew Romashko to provide representation to all parties in connection with the transaction, and all parties executed consent agreements to waive the potential conflict of interest.
>
> Plaintiffs allege legal malpractice and breach of fiduciary duty against defendant Romashko and Martineau, Hackett, O'Neil & Klaus PLLC, and breach of contract against the other defendants. On October 22, 2013, the parties met with the same counsel and executed amendments to their previous agreements. Plaintiffs also allege legal malpractice and breach of fiduciary duty against the attorney and law firm defendants arising out of the October 2013 agreements.
>
> On February 19, 2016, defendant Cow Pleasant Dairy filed a counterclaim against plaintiffs alleging breach of contract and requesting injunctive relief requiring plaintiffs to abide by the 2009 agreement. Plaintiffs did not object to entry of a preliminary injunction, and on February 24, 2016, this court entered a preliminary injunction and ordered this case to mediation. The mediation order required the parties to submit their respective claims to mediation within 90 days and to cooperate in the selection of a mediator. The parties failed to submit the

---

[1] MCR 2.114 was repealed, effective September 1, 2018. However, the language previously found in MCR 2.114(D) has been retained identically at MCR 1.109(E)(5), and the language previously found in MCR 2.114(E) has been retained identically at MCR 1.109(E)(6). Because MCR 2.114 was in effect at all relevant times below, we will refer to MCR 2.114.

[2] Appellant attempted to claim an appeal by right of the earlier order, but this Court dismissed that portion of the appeal for lack of jurisdiction. *Vogel v Desaegher*, unpublished order of the Court of Appeals, entered September 27, 2017.

claims to mediation consistent with the court's order. Defense counsel indicates that he provided the name of a mediator to plaintiffs' counsel but received no response.

Plaintiffs' counsel alleges that he was under the impression that plaintiffs were going to retain new counsel. As a result, plaintiffs' counsel did not file a timely answer to defendant's counterclaim. Default was entered against plaintiffs as to the counterclaim on March 28, 2016. Plaintiffs' counsel also failed to file timely responses to defendants' requests for admissions. On April 20, 2016, defendants filed a motion for entry of default judgment on the counterclaim. Defendants also filed a motion for summary disposition of Count IV of plaintiffs' complaint, and defendants Romashko and Martineau, Hackett, O'Neil & Klaus PLLC filed a motion for summary disposition. Plaintiffs' counsel did not file timely responses to any of these motions.

On June 9, 2016, one day prior to the scheduled motion hearing, plaintiffs' counsel filed untimely motion responses and an untimely answer to the counterclaim. On that date, plaintiffs' counsel also filed an untimely motion to set aside default judgment, noticing it for hearing the next day. On June 10, 2016, the day of the motion hearing, plaintiffs' counsel filed an untimely brief in support of plaintiffs' position regarding defendants Romashko and Martineau, Hackett, O'Neil & Klaus PLLC's motion for summary disposition.

A motion hearing was held on June 10, 2016. Defense counsel objected to the untimely responses to the motions and the counterclaim. Defense counsel stated that multiple unsuccessful attempts were made to contact plaintiffs' counsel since the last hearing in this matter. However, defense counsel never heard from plaintiffs' counsel until late afternoon on June 9, 2016. Plaintiffs' counsel indicated that he believed plaintiffs were going to retain new counsel, but counsel failed to inform defense counsel of this fact and did not file a motion with the court to withdraw as counsel.

At the motion hearing, the parties agreed on the record that the DeSaegher defendants should be dismissed. Both the DeSaegher defendants and the DeVos defendants request[ed] sanctions pursuant to MCR 2.114.

In addition to granting defendants' motion for summary disposition, the trial court then determined that plaintiffs failed "to meaningfully participate in this litigation," that appellant himself "completely failed to communicate or meaningfully participate in this action," and that the complaint had been signed in violation of MCR 2.114(E). In relevant part, the trial court ordered appellant to "pay to the DeVos and DeSaegher defendants the costs and reasonable attorney fees incurred because of the filing of this action." As noted, the above order is not challenged in this appeal.

Defendants submitted a proposed order for appellant to pay $59,790.08, accompanied by supporting affidavits and documentation from two of defendants' attorneys. Appellant objected to the proposed order and requested an evidentiary hearing. However, appellant filed an

emergency motion to adjourn shortly before the scheduled hearing. The trial court agreed to the adjournment but ordered the matter to mediation. The parties failed to agree on a mediator, so the matter was referred to the Resolution Services Center. The mediation did eventually occur, but the parties were unable to resolve their dispute regarding the fees.

Meanwhile, appellant filed an extensive brief challenging the fees sought by defendants, and also filed a motion for relief from judgment. The day before the scheduled hearing on those motions, the trial court rescheduled, apparently due to its own conflict. The parties then stipulated to a further adjournment. When the hearing was actually held, appellant was not present and could not be reached. The transcript is not entirely clear, but defendants either agreed or offered to stipulate to a reduced hourly billing rate of $223 an hour, which was a reduction from the amounts actually billed. Attorney Kevin O'Dowd subsequently clarified that they had offered a variety of hourly-rate reductions for different attorneys, but those offers had not been accepted. Although the hearing had been intended to address both the motion for relief from judgment and the reasonableness of the attorney fees, appellant's absence and his counsel's lack of preparedness precluded the reasonableness issue from being addressed. The trial court rescheduled a hearing on the reasonableness of the attorney fees.

Shortly before the new date, the trial court entered a "stipulated" order for appellant's counsel to withdraw on medical grounds and further rescheduling the hearing. The "stipulation" did not involve opposing parties, to their irritation. Nevertheless, the hearing was actually held on the final rescheduling date, and the only witnesses were defense attorneys O'Dowd and Trent Hilding. As noted, O'Dowd explained that he had previously offered to stipulate to reduced hourly rates; specifically: $250 an hour for attorney O'Dowd, $223 an hour for attorney Jackson, $250 an hour for attorney Grashoff, and $223 for attorney Hilding. The trial court accepted those rates as reasonable, in addition to $220 an hour for attorney Ciullo. Appellant expressly does not challenge the reasonableness of those rates. The trial court entered a final post-judgment order awarding $18,658.70 to Hilding, and $67,728.01 to the law firm of Kotz Sanger, after making some deductions from their billing statements. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews a trial court's award of attorney fees and costs for an abuse of discretion. See *Smith v Khouri*, 481 Mich 519, 526, 751 NW2d 472 (2008). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Id*. The abuse of discretion standard recognizes "that there will be circumstances in which there will be no single correct outcome; rather, there will be more than one reasonable and principled outcome." *Maldonado v Ford Motor Co*, 476 Mich 372, 388, 719 NW2d 809 (2006), quoting *People v Babcock*, 469 Mich 247, 269, 666 NW2d 231 (2003). The trial court's findings of fact underlying an award of attorney fees are reviewed for clear error, and the trial court's determinations of law are reviewed de novo. *Hines v Volkswagen of America, Inc*, 265 Mich App 432, 438; 695 NW2d 84 (2005).

## III. LEGAL STANDARDS

The trial court sanctioned appellant under MCR 2.114(E) for a violation of MCR 2.114(D). Specifically, the trial court found the complaint unwarranted and appellant's

participation inadequate, and it ordered appellant to "pay to the DeVos and DeSaegher defendants the costs and reasonable attorney fees incurred because of the filing of this action." A violation of MCR 2.114(D) occurs if, in relevant part, an attorney signs a document for an improper purpose or without a reasonable belief that its contents had legal or factual merit. Pursuant to MCR 2.114(E), sanctions are mandatory for a violation of MCR 2.114(D). Because the order finding a violation of MCR 2.114 is not at issue in this appeal, that order is conclusive on us. Therefore, we take it as established that appellant must be sanctioned. Furthermore, the trial court's language of "incurred because of the filing of this action" unambiguously mandates sanctions for *all* fees and costs in this matter.

Therefore, the only issue on appeal is whether the *amount* of sanctions is reasonable. "When requested attorney fees are contested, it is incumbent on the trial court to conduct a hearing to determine what services were actually rendered, and the reasonableness of those services." *Reed v Reed,* 265 Mich App 131, 166; 693 NW2d 825 (2005). Ordinarily, the proper starting point for determining the reasonableness of attorney fees is to determine a reasonable hourly rate. *Smith*, 481 Mich at 530-532. However, as noted, appellant explicitly does not dispute the reasonableness of the hourly rates. Consequently, the issue of whether the hourly rates are reasonable is waived. See *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 69; 642 NW2d 663 (2002); *Hodge v Parks*, 303 Mich App 552, 556-558; 844 NW2d 189 (2014). It is unnecessary for this Court to address defendants' attorneys' hourly rates.

The next step of the attorney fee analysis is to "determine the reasonable number of hours expended by each attorney." *Smith*, 481 Mich at 532. The fee applicant bears the burden of proof and "must submit detailed billing records, which the court must examine and opposing parties may contest for reasonableness." *Id*. Appellant's argument on appeal pertains largely to assertions that the multitude of attorneys working for defendants resulted in unnecessarily duplicative and excessive billing, and that some of the submitted billing records were insufficiently detailed.

IV. REASONABLENESS OF HOURS BILLED

Appellant's first argument is that although the trial court did deduct some hours from the attorneys' invoices for "block billing" and unnecessary telephone calls, "given the number of issues raised by [appellant] regarding the unreasonableness of the number of hours billed by defendants' attorneys, the amount of time that the trial court deducted was simply not enough." In other words, appellant argues that the trial court should have deducted more hours from the invoices purely because appellant asked it to. We decline to accept that there is necessarily a correlation between the number of issues raised by a party and the number of those issues a court is obligated to accept.

Appellant contends that numerous billing entries by several of the attorneys are impermissibly vague, which is identical to an argument it presented to the trial court. The trial court reviewed the billing entries, and it did deduct a number of hours because it could not determine whether the time expended was reasonable. Appellant has not explained how many billed hours are covered by the allegedly vague billing entries beyond simply citing to an array of entries. Because he makes the exact same argument on appeal as he made to the trial court, it is difficult determine how much of appellant's requested relief was actually granted by the trial

court. Furthermore, appellant provides no standard by which to evaluate vagueness, and it is not immediately clear to us whether entries like "review file materials" or "conference call with co-counsel" even are improperly vague.[3] "It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position. *Mitcham v City of Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959).

Rather, appellant asserts that "[w]hen faced with vague and redundant billings, federal courts across the country have reduced the hours billed by 10% to 20%," citing the federal decision of *Gratz v Bollinger*, 353 F Supp 2d 929, 939 (ED Mich, 2005). It is true that the court in *Gratz* made such an observation. However, even if *Gratz* was binding on this Court,[4] appellant seemingly believes that examples should be extrapolated not merely to a pattern, but to a rule. The trial court here reduced the requested number of billed hours by 6%. *Gratz* seemingly stands for the proposition that the trial court might not have necessarily abused its discretion had it deducted even more hours. It does not stand for the proposition that the trial court was required to do so.

Although *Gratz* does suggest some examples of impermissibly vague billing entries, appellant does not cite to any specific factual determinations regarding his vagueness argument that are allegedly erroneous. We review the trial court's factual determinations for clear error, which is a highly deferential standard. See *Hill v City of Warren*, 276 Mich App 299, 308-309; 740 NW2d 706 (2007). Furthermore, "the burden is on the appellant to persuade the reviewing court that a mistake has been committed, failing which the appellate court may not overturn the trial court's [factual] findings." *Beason v Beason*, 435 Mich 791, 804; 460 NW2d 207 (1990). We are not persuaded that appellant has shown the trial court to have clearly erred in declining to deduct more hours on the grounds of vagueness.

Appellant specifically identifies 4 hours billed by attorney Ciullo and 6.9 hours billed by attorney O'Dowd that he asserts should have been deducted because the identified billing entries involved claims pertaining to defendant Romashko, either because Romashko was "not the represented client" or because the claims somehow did not involve plaintiff's claims. Although refreshingly specific, this argument overlooks the fact that the imposition of sanctions was for all fees and costs incurred as a consequence of the filing of the action. Romashko was a named defendant in the original complaint. Consequently, we are unable to comprehend how issues pertaining to Romashko are not "incurred because of the filing of this action." Appellant suggests that researching issues of legal malpractice are unrelated to this litigation. However, the trial court explicitly noted that appellant had crafted the complaint in such a way that it was not

---

[3] O'Dowd testified that it was not his practice to provide a greater level of detail except in "in the insurance defense context where some insurance companies will have you itemize each and every action item, and I know that sometimes is done, but that's not how we do it."

[4] Decisions by lower federal courts may be persuasive, but they are not binding precedent on this Court. *Abela v General Motors Corp*, 469 Mich 603, 607; 677 NW2d 325 (2004).

immediately clear whether plaintiffs' malpractice claims would affect all of the defendants, a conclusion supported by O'Dowd's testimony. Again, appellant has not shown clear error in the trial court's factual findings.

Appellant next argues that the trial court failed to deduct all instances of "block billing" and redundant efforts by multiple attorneys. The trial court found that O'Dowd had adequately explained that "team writing" of documents, in which multiple attorneys work on separate sections of the same final document, was a common practice to increase efficiency. This finding is supported by the testimony, and O'Dowd also noted that each lawyer needed to have some familiarity with certain core materials. Appellant complains of billing instances of conference calls between attorneys. The trial court specifically accepted O'Dowd's explanation that such conference calls were necessary and "real attorney time" for all of the attorneys on the call. Appellant complains of attorneys expending numerous billable hours across many dates to prepare documents, but the trial court accepted O'Dowd's explanation that much redundancy was caused by appellant's numerous last-minute requests for adjournments. All of these findings are supported by the testimony and have not been refuted by appellant. Appellant does not identify any other specific issues with "block billing."

Appellant finally argues that he should not be billed for time defendants' attorneys spent driving. However, he simply states that "drive time should not be" compensable, without citing any authority in support of that proposition. In summary, appellant simply has not established that the trial court made any mistakes of law or clearly erroneous factual findings.

## V. ATTORNEY FEES FOR PURSUING ATTORNEY FEES

As discussed above, the party seeking attorney fees has the burden of proving that they are reasonable. *Smith*, 481 Mich at 528-529. However, as also discussed above, appellant has the burden of proving on appeal that the trial court committed a mistake of law, an abuse of discretion, or clear error. See *Mitcham*, 355 Mich at 203; *Beason*, 435 Mich 804. Appellant only asserts, without any supporting authority, that the trial court was not legally permitted to impose attorney fees for any event that occurred after the trial court's order granting summary disposition. This failure to cite authority may be considered a violation of MCR 7.212(C)(7). In any event, appellant once again overlooks the fact that the order imposing sanctions covered all "costs and reasonable attorney fees incurred because of the filing of this action." The costs of seeking the attorney fees are logically a consequence of having filed the complaint. Furthermore, this Court has explicitly held that "reasonable expenses" imposed under MCR 2.114 may include costs of seeking those sanctions. *Maryland Cas Co v Allen*, 221 Mich App 26, 32; 561 NW2d 103 (1997). Therefore, appellant has not satisfied his burden of showing any mistake or error committed by the trial court.

## VI. CONCLUSION

The trial court's award of sanctions is affirmed. Defendants-appellees Bard DeSaegher,

Elisabeth DeSaegher, Tom DeVos, and Katrien DeVos, being the prevailing parties, may tax costs. MCR 7.219(A).

/s/ Thomas C. Cameron
/s/ Jane M. Beckering
/s/ Amy Ronayne Krause