*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RUTH CLARK and JAN CLARK,

      Plaintiffs-Appellees,

v

GARRATT & BACHAND, P.C., and C. WILLIAM GARRAT,

      Defendant-Appellants,

and

JOHN W. UNGER, P.L.L.C.,

      Defendant.

UNPUBLISHED
August 20, 2019

No. 344676
Oakland Circuit Court
LC No. 2017-161218-CZ

Before: M. J. KELLY, P.J., and BOONSTRA and RIORDAN, JJ.

PER CURIAM.

Defendant, the law firm of Garratt & Bachand, P.C. (G&B), appeals by right the trial court's post-judgment order denying its motion for sanctions. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

This case arises out of an attorney fee dispute that was ultimately resolved by arbitration. The underlying litigation that resulted in the attorney fees claimed by G&B was complex, but for the purposes of this appeal may be discussed in broad strokes. A member of plaintiffs' family was convicted of criminal sexual conduct related to his sexual assault of numerous foster and adoptive children while they were in the care of plaintiffs and other relatives. One of the victims subsequently filed a personal injury action against plaintiffs Ruth and Jan Clark and other members of their family (together, the Clarks), under various theories of liability. G&B represented at least one of the Clarks in the lawsuit, although the parties disputed whether G&B had provided representation to plaintiffs themselves. Plaintiffs' homeowners' insurer filed a separate declaratory judgment action against plaintiffs, arguing that the policy at issue did not

-1-

provide coverage with respect to the personal injury action. G&B asserts that it was retained by plaintiffs to defend them in the declaratory judgment action, while plaintiffs assert that Attorney C. William Garratt, a member of G&B, represented them in that case in his individual capacity rather than as an agent of G&B. In any event, the declaratory judgment action was unsuccessful and the insurer was ordered to defend and indemnify plaintiffs in the personal injury case. The personal injury case subsequently settled.

In 2017, G&B filed a demand for arbitration with the American Arbitration Association (AAA), claiming that plaintiffs had not paid over $150,000 in attorney fees related to the two lawsuits. This demand was based on a retainer agreement signed by plaintiffs in 2012 stating, in relevant part, that "[a]ny dispute or disagreement arising between Client and Attorney . . . will be determined and settled by arbitration in Oakland County, Michigan in accordance with the rules of the American Arbitration Association . . . ." The agreement defined "Client" collectively as "Ruth Clark and Jan Clark" (i.e., plaintiffs) and "Attorney" as including both G&B and another law firm, John W. Unger, PLLC (Unger). Unger had also provided legal services to plaintiffs in the personal injury case and had assigned to G&B its rights to collect fees for those services.

Plaintiffs answered G&B's arbitration demand, but also filed a separate lawsuit against G&B, alleging that the demand for arbitration was not valid for numerous reasons, including fraud, malpractice, and the lack of an attorney-client relationship between plaintiffs and G&B. The complaint also asserted that plaintiffs owed no unpaid legal fees. Plaintiffs' complaint asked the trial court to declare the arbitration demand invalid and to enjoin the arbitration from proceeding; it also sought money damages, attorney fees, costs, and sanctions.

G&B moved the trial court to compel plaintiffs to arbitrate the issues raised in their complaint in the context of the pending arbitration proceeding, and to stay the court proceeding until an arbitration award had been rendered. The trial court granted the motion.

After an arbitration hearing, the arbitrator entered an award in favor of G&B and against plaintiffs in the amount of $112,311.38. The trial court subsequently entered a judgment confirming the award and dismissing plaintiffs' complaint with prejudice.

Three weeks after the entry of the judgment, G&B filed a motion with the trial court requesting that it sanction plaintiffs and their attorneys for filing a frivolous complaint. G&B argued that plaintiff's complaint made many false and groundless factual assertions, including that G&B had never represented them in the personal injury case, that plaintiffs had never received a bill for legal services, and that no agreement to arbitrate existed between the parties. G&B further argued that plaintiffs had admitted the falseness of many of their allegations during the arbitration. In response, plaintiffs argued that, although they had been ultimately unsuccessful, their claims were not frivolous.

The trial court issued an opinion and order denying the motion, finding that (1) the language of the arbitration award foreclosed G&B's ability to request sanctions because the issue of sanctions was either not raised during the arbitration or, having been raised, resulted in the arbitrator declining to award sanctions; (2) the language of the judgment confirming the arbitration award also foreclosed G&B's ability to subsequently request sanctions; and (3) G&B had failed to prove that plaintiff's complaint was frivolous; specifically, the trial court found that

"there are 83 allegations in the Complaint and maybe two of those allegations . . . may be construed as being made without a reasonable basis." The trial court accordingly denied G&B's motion for sanctions.

This appeal followed.

## II. STANDARD OF REVIEW

We review for clear error a trial court's decision whether to impose sanctions under MCR 2.114. *Guerrero v Smith*, 280 Mich App 647, 677; 761 NW2d 723 (2008). "A decision is clearly erroneous when, although there may be evidence to support it, we are left with a definite and firm conviction that a mistake has been made." We review de novo issues involving the interpretation of statutes and court rules. *Bullington v Corbell*, 293 Mich App 549, 554; 809 NW2d 657 (2011). We review for an abuse of discretion a trial court's determination that a request for sanctions was untimely. *Maryland Cas Co v Allen*, 221 Mich App 26, 31; 561 NW2d 103 (1997).

## III. ANALYSIS

G&B argues that the trial court erred by concluding that its request for sanctions was precluded by the arbitration award and by the judgment, and by concluding that it had not shown plaintiffs' complaint to be frivolous. We disagree.

Sanctions may be awarded under MCR 2.114(D)[1] for the filing of frivolous actions or defenses. MCL 600.2591(3)(a) provides that a claim is frivolous if:

> (*i*) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.
>
> (*ii*) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.
>
> (*iii*) The party's legal position was devoid of arguable legal merit.

At the outset, we are not persuaded by G&B's argument that the arbitrator lacked the authority to award sanctions in this matter. If an arbitration clause "is written in broad and comprehensive language, i.e., language including all claims and disputes," the arbitrator generally possesses the broad authority in fashioning an award. See *Gordon Sel-Way, Inc v Spence Bros, Inc*, 438 Mich 488, 495; 475 NW2d 704 (1991). Further, an award is presumed to be within the scope of the arbitrator's authority "absent express language to the contrary" in the arbitration agreement. *Id*.

---

[1] MCR 2.114 was repealed on September 1, 2018, but was in effect at the times relevant to this case. The language governing sanctions previously found in MCR 2.114(D) through (F) is now found in MCR 1.109(E).

Here, the arbitration clause at issue was broad, stating that "Any dispute or disagreement arising between Client and Attorney . . . whether under, out of, in connection with, or in relation to this Agreement, or otherwise, will be determined and settled by arbitration." In fact, G&B made repeated reference to the broad nature of this clause when moving the trial court to compel plaintiffs to arbitrate the issues raised in their allegedly frivolous complaint. Moreover, the arbitration clause incorporated the rules of the AAA. Those rules permit the arbitrator to "grant any remedy or relief that the arbitrator deems just and equitable and within the scope of the agreement of the parties" (Rule 47(a)), including attorney fees if "authorized by law" (Rule 47(d)(ii) and expenses (Rule 54).[2] Nothing in the AAA rules or the arbitration agreement explicitly limited the arbitrator from awarding costs and sanctions related to the frivolousness of plaintiff's claims. See *Gordon Sel-Way Inc*, 438 Mich at 495. MCL 600.2591 and our court rules provide for an award of attorney fees for frivolous claims. And, as the trial court noted, the award purported to have resolved *all* claims and counterclaims between the parties. We find it to be far from certain that the arbitrator lacked the authority to award attorney fees as sanctions for plaintiff's allegedly frivolous pleading.[3]

In any event, the trial court also noted that defendant failed to make a claim for sanctions before the trial court entered the judgment confirming the award. *Maryland Cas Co*, 221 Mich App at 31. "[T]o be timely, a request for sanctions should be filed before the action's dismissal." *Id*. In *Maryland Cas Co*, this Court noted that, although the defendant did not file a motion for sanctions until five months after judgment was entered, the defendant had requested sanctions in his motion for summary disposition. *Id*. at 29-30. This Court concluded that "[s]o long as a request [for sanctions] is made before dismissal, the trial court can award attorney fees at a later date." *Id.* at 30.

Here, the judgment entered by the trial court stated that it resolved the last pending claim and closed the case. And unlike the defendant in *Maryland Cas Co*, G&B did not request sanctions in this case before the entry of the judgment. Although G&B asserts on appeal that it "raised the issue of sanctions" in its motion to compel arbitration, our review of that motion reveals that, while defendant did repeatedly refer to plaintiffs' complaint as frivolous, the sole mention of sanctions is found in the puzzling statement: "Query whether this Court will *sua sponte* impose sanctions against Plaintiffs." Rather than *requesting* that the trial court sanction plaintiffs, defendant thus appears merely to have queried whether, on its own authority and without the motion of a party (i.e., *sua sponte*), the trial court would impose sanctions on

---

[2] See American Arbitration Association, Commercial Arbitration Rules, See https://www.adr.org/sites/default/files/Commercial%20Rules.pdf (last accessed June 18, 2019).

[3] We note that it is not dispositive that the award itself did not explicitly state whether or not sanctions for a frivolous pleading formed a portion of the award. The scope of the arbitration award is determined by the arbitration agreement despite a lack of specific language in the award. See *Dohanyos v Detrex Corp (After Remand)*, 217 Mich App 171, 178-180; 550 NW2d 608 (1996) (holding that because the arbitration agreement stated that the award would include "all interest, costs, attorney fees and sanctions," the court "must assume" that the arbitration award included all taxable costs even without explicitly stating so).

-4-

plaintiffs. The answer to G&B's question was apparently "no." G&B never actually requested that the trial court impose sanctions until after the award was confirmed and the case was closed, and while the trial court did not completely lack the authority to consider such an untimely motion, see *id* at 31, citing *Community Electric Serv, Inc v Nat'l Electrical Contractors Assoc*, 869 F2d 1235, 1242 (CA 9, 1989), we do not find that it abused its discretion when it declined to do so after it had entered a judgment confirming the arbitration award.

Finally, we do not find that the trial court clearly erred by declining to award sanctions based upon its reading of plaintiffs' complaint. A trial court's award of sanctions under MCR 2.114 must be reasonable. *Vittiglio v Vittiglio*, 297 Mich App 391, 408; 824 NW2d 591 (2012). In making a determination regarding frivolousness, a trial court must "evaluate the claims or defense at issue at the time" the allegedly frivolous pleading was filed. *In re Costs & Attorney Fees*, 250 Mich App 89, 94; 645 NW2d 697 (2002). This determination "depends on the particular facts and circumstances of the claim involved." *Id*. at 94-95.

Here, the trial court's involvement with the case was limited. After plaintiffs filed their complaint, G&B's first response was to move to have the dispute resolved in the course of an existing arbitration, not by the trial court. The trial court's next substantive action was to confirm the award and enter a judgment. G&B's argument concerning the frivolous nature of plaintiffs' pleadings relies extensively on evidence introduced during the arbitration and the findings of the arbitrator. Although G&B appears to argue that all of the findings of the arbitrator may be imputed to the trial court by its confirmation of the award, a trial court's review of an arbitration award is "very limited" and is not based on a review of the merits of the arbitrator's award or the arbitrator's reasoning. *Gordon Sel-Way, Inc*, 438 Mich at 497. Considering the trial court's relatively minimal involvement with the case (at G&B's request via its motion to compel arbitration) and the fact that the resolution of the claims in plaintiffs' complaint occurred during arbitration rather than in a proceeding before the court, we conclude that the trial court did not clearly err by declining to award sanctions. *Guerrero*, 280 Mich App at 677. Although the trial court did find that "maybe two" of plaintiff's factual allegations could be construed as being made without a reasonable basis, it did not clearly err by determining, under the particular facts and circumstances of this case, that the complaint did not rise to the level of frivolousness as of the time it was filed.

Affirmed.

/s/ Michael J. Kelly
/s/ Mark T. Boonstra
/s/ Michael J. Riordan

-5-